# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

AMARIN PHARMACEUTICALS IRELAND LIMITED,

    *Appellee,*

    v.

FOOD & DRUG ADMINISTRATION, *et al.,*

    *Appellees,*

    and

WATSON LABORATORIES INC.,

    *Appellant.*

No. 15-5214

## AMARIN'S RESPONSE TO WATSON'S MOTION FOR LIMITED REMAND

Amarin does not oppose Watson's request for a limited remand to the District Court if—but only if—this Court denies Amarin's and the FDA's pending motions to dismiss the appeal in their entireties. (*See* Watson Mot. at 1, 3–4.) But Watson is wrong to suggest that the District Court's October 15, 2015 indicative ruling "moots [Amarin's] … argument that the appeal should be dismissed based on Watson's lack of party status." (*Id.* at 3.)

To the contrary, the District Court expressly stated (Watson Ex. A, at 19): "Like the question of finality, that question [whether "Watson's notice of appeal was ineffective because Watson was not a party at the time it filed the notice of appeal"] goes to the jurisdiction of the Court of Appeals and is appropriately left for that Court to address in resolving the pending motions to dismiss Watson's appeal."

Whether or not the District Court would now grant its motion to intervene, Watson was not a party at the time that it filed its notice of appeal. *See, e.g.*, *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1466 (11th Cir. 1984) ("[W]e accept the status of the parties as they were at the time of the notice of appeal in determining jurisdiction … .") Accordingly, that notice of appeal is defective. *See, e.g.*, Fed. R. App. P. 3(c)(1)(A) ("The notice of appeal must … specify the party or parties taking the appeal … ."); Fed. R. App. P. 4; *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled.").

This jurisdictional defect is a problem entirely of Watson's own making. As the District Court observed (Ex. A at 9):

> ""[A] putative intervenor has several viable options for preserving the right of appeal until the district court rules on the intervention motion." *Roe* [*v. Town of Highland*], 909 F.2d [1097,] 1100 [7th Cir. 1990]. The intervenor may file an emergency motion with the district court detailing the need for a timely ruling; it may file a motion for an extension of the time in which to take an appeal, as permitted by Federal Rule of Appellate Procedure 4(a)(5); or, *if those mechanisms fail*, it may file a notice of appeal and then move the court of appeals to remand the case so that the district court can adjudicate its motion. *See id.* at 1099–1100. Watson has availed itself of none of these options.

(emphasis added; *see also* Amarin Mot. to Dismiss at 6–7 (citing cases).)

Even if Watson were made an intervenor by the District Court upon remand, it is out-of-time to notice an effective appeal from the District Court's May 28, 2015 non-final order remanding the matter to FDA for further proceedings. *See* Fed. R. Civ. P. 4; Ex. A at 2 ("The time to file a notice of appeal has now elapsed, and neither Plaintiff nor Defendants has done so."). This is a jurisdictional defect in Watson's purported appeal separate from its attempt to appeal a non-final order, and it is not waivable by FDA. The requirement of a timely notice of appeal is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 264 (1978).

# CONCLUSION

This Court should consider Amarin's motion to dismiss in its entirety, and determine whether Watson has improperly appealed a non-final order or noticed a defective appeal because it was not a party at the time that it filed the notice of appeal. Only if the court denies Amarin's motion to dismiss on both grounds should it order the limited remand requested by Watson.

Respectfully submitted,

/s/ Benjamin C. Block
Christopher N. Sipes
Benjamin C. Block
Bradley K. Ervin
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
csipes@cov.com
bblock@cov.com
bervin@cov.com

*Counsel for Appellee Amarin Pharmaceuticals Ireland Limited*

November 2, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2015, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, and served via the Court's CM/ECF System upon the following:

Daniel Tenny
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Tel: (202) 514-2000
Email: daniel.tenny@usdoj.gov

Scott R. McIntosh
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Tel: (202) 514-2000
Email: scott.mcintosh@usdoj.gov

Counsel for Appellee
Federal Defendants

James Nicholas O'Neil Czaban
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 719-7000
Email: jczaban@wileyrein.com

Brett A. Shumate
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 719-7000
Email: bshumate@wileyrein.com

Counsel for Watson Laboratories Inc.

 /s/ Benjamin C. Block
Benjamin C. Block